UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-8072 AHM<br>CR 03-121 DT√' | | Date | April 16, 2008 |
|---|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. PEDRO ALBERTO PARRA JR | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:                Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.     INTRODUCTION

In November 2002, a confidential informant ("CI") for the U.S. Drug Enforcement Administration ("DEA") informed the DEA that Defendant Pedro Alberto Parra, Jr. ("Parra") was interested in selling the CI several pounds of methamphetamine. (Trans. 1/15/04: 91-96.) On December 5, 2002, Parra, co-Defendant Marco Enriquez-Hermosillo ("Enriquez-Hermosillo"), and the CI met at a parking lot in Santa Ana. (Trans. 1/15/04: 133-37.) After the CI walked to defendants' vehicle, Enriquez-Hermosillo reached inside a laundry detergent box sitting in front of the front passenger seat and pulled out a one-pound package of methamphetamine to show the CI. (Trans. 1/15/04: 138-43.) After the CI gave an arrest signal, DEA agents arrested Parra and Enriquez-Hermosillo. (Trans. 1/14/04: 35-38.)

On December 18, 2002, a federal grand jury charged Parra and Enriquez-Hermosillo with (1) possession with the intent to distribute 500 or more grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (2) conspiracy to possess with the intent to distribute 500 or more grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. On January 22, 2004, a jury convicted Parra and Enriquez-Hermosillo on both counts. On September 13, 2004, the district court (the Hon. Dickran Tevrizian) sentenced Parra to 121 months in prison, 60 months of supervised release, and a $200 special assessment. On December

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8072 AHM<br>CR 03-121 DT√' | | Date | April 16, 2008 |
|---|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. PEDRO ALBERTO PARRA JR | | | |

14, 2005, the Ninth Circuit affirmed Parra's conviction and sentence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8072 AHM<br>CR 03-121 DT√' | | Date | April 16, 2008 |
|---|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. PEDRO ALBERTO PARRA JR | | | |

On December 18, 2006, Parra filed a motion requesting that the Court vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court DENIES Parra's motion.

## II. Legal Standard for Ineffective Assistance of Counsel

To prevail on a Sixth Amendment ineffective assistance of counsel claim, "'the defendant must show that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense.' The attorney's performance is evaluated against 'an objective standard of reasonableness,' which is ascertained in light of prevailing professional norms and all relevant circumstances." *Tanner v. McDaniel*, 493 F.3d 1135, 1141 (9th Cir. 2007) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). Both prongs of the *Strickland* test must be satisfied in order to establish a constitutional violation. *Strickland*, 466 U.S. at 697. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

## III. DISCUSSION

### A. Parra's Contentions

In his petition, Parra, who is proceeding *pro per*, contends that his counsel did not provide constitutionally-mandated assistance by: (1) failing after the close of evidence to move for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(c), based on Parra's lack of predisposition and the government's inducement to commit the charged crimes; and (2) failing to argue at the sentencing hearing for a downward departure based on "sentencing entrapment."

On May 15, 2007, Parra filed a motion seeking leave to amend his petition to add the claim that his counsel did not provide constitutionally-mandated assistance by failing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8072 AHM<br>CR 03-121 DT√' | Date | April 16, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. PEDRO ALBERTO PARRA JR | | |

to communicate to him a plea offer and the consequences of the plea.[1] Parra contends that he decided to go trial because his counsel misled him into believing that he could not receive a sentence below the ten-year mandatory minimum. Parra argues that he would have accepted a plea offer if counsel had informed him that he would be eligible for the "safety valve" if he pled guilty. Parra also requests an evidentiary hearing.

### B. Counsel's Alleged Failure to Move for Acquittal at the Close of Evidence Under Federal Rule of Criminal Procedure 29(c) Based on Parra's Lack of Predisposition

Parra contends that his trial counsel did not provide constitutionally-mandated assistance by failing to move for acquittal on the ground that the government's evidence did not support a finding that Parra was predisposed to commit the charged crime.

Parra's defense at trial was entrapment. "Entrapment has two elements: (1) government inducement to commit the crime; and (2) the absence of predisposition to commit the crime." *United States v. Ross*, 372 F.3d 1097, 1108 (9th Cir. 2004). "If the defendant is able to put entrapment in issue, the government bears the burden of negating the defense beyond a reasonable doubt." *Id.* "Five factors may be considered to show predisposition: (1) the defendant's character and reputation; (2) whether the government initially suggested the criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement." *United States v. Thickstun*, 110 F.3d 1394, 1396-97 (9th Cir. 1997) ("Although none of the factors is conclusive, the defendant's reluctance is the most important."). The Ninth Circuit may "reverse only if the evidence, viewed in the light most favorable to the government, could not permit a reasonable jury to find predisposition." *Id.* at 1396.

Parra argues that the government's evidence at trial did not establish that he was predisposed to commit the crime. Parra notes that he was employed and lived at home with his relatives, that Gomez and the CI called him 52 times to complete the transaction,

---

[1] On May 22, 2007, the Court granted Parra's motion seeking leave to amend, deemed Parra's petition amended to contain the allegations and arguments in the motion, and ruled that Parra waived the attorney-client privilege as a result of his new claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8072 AHM<br>CR 03-121 DT√' | | Date | April 16, 2008 |
|---|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. PEDRO ALBERTO PARRA JR | | | |

and that it took Parra approximately three weeks to obtain the methamphetamine. (Petition at p.6.) Parra cites the Ninth Circuit's affirmance of his conviction, which stated, in part, that "the best evidence in support of Parra's defense of entrapment was the sheer volume of [Gomez's] calls to Parra, which was presented to the jury." *United States v. Parra*, 155 Fed.Appx. 988, 990 (9th Cir. 2005). Parra asserts that the only evidence that the government presented at trial to show his predisposition was the discovery by police of 9.7 grams of methamphetamine at Parra's home three weeks prior to his arrest. Parra contends that "[t]here was some discrepancy as to whom the drug belonged to," given that the police entered his home with a search warrant to arrest Parra's brother and given that Parra testified at trial that the methamphetamine did not belong to him but to his brother. Finally, in support of his argument that he was not predisposed to sell the methamphetamine, Parra cites the following statement that the district court made at sentencing:

> The Court: You know I looked at this case very carefully because I couldn't understand why a smart young man like you would get into a situation like this. I mean, all your life you've done everything right. You know, you had, you know, no juvenile problems to speak of. You went into the Marine Corps. You– with a closely-knit family. You graduated high school. You never had any kind of drug problem. You had decent employment. You went to the rank of corporal in the Marine Corps. It troubled me as to, you know, why this thing came about.

(Trans. 9/13/04: 33.)

  The record indicates that "so that [the defense attorneys do not] have to keep coming up" and "to protect the record," the court deemed that both parties made Rule 29 motions at the close of the government's case, at the close of Defendants' case, and after the return of the verdicts. (Trans. 1/21/04: 15.) The basis for Parra's motion for acquittal after the close of the government's case is unclear from the trial transcripts. However, the court noted that at the close of the government's case, "the evidence does not justify the giving of [the entrapment] instruction as requested by the Defense." (Trans. 1/16/04: 28.) Given that the defense had not yet introduced any evidence of entrapment, a Rule 29 motion on an entrapment defense at that time would probably have been futile.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8072 AHM<br>CR 03-121 DT√' | Date | April 16, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. PEDRO ALBERTO PARRA JR | | |

Following the close of Defendants' case, the court stated: "Now, the defendants, collectively, made a Rule 29 motion, Motion for Judgment of Acquittal, at the conclusion of the government's case in chief and the court indicated that it would reserve ruling on it until later on." (Trans. 1/21/04: 7-8.) After addressing the issues raised by counsel for Enriquez-Hermosillo and asking whether counsel for Parra "want[ed] to participate in this or not," Parra's counsel asserted that he wished to join the motion and argued that "the denial of discovery and the practice of the U.S. Attorney's office and the DEA of using the witnesses in this matter impacted Mr. Parra's due process rights (indiscernible)." (Trans. 1/21/04: 10-11.) The court denied "the Rule 29 motion [brought] by both defendants in this case." (Trans. 1/21/04: 15.)

Assuming the Rule 29 motion that the court deemed Parra to have made at the close of the defense case and at the close of evidence was based on grounds other than entrapment, was it a *Strickland* violation for his counsel not to have made that motion on entrapment grounds? No, because such a motion almost certainly would have been denied. The government presented sufficient evidence to establish that Parra was predisposed to sell methamphetamine. The government presented evidence that police had found methamphetamine and drug distribution paraphernalia in his house. The CI testified that Parra bragged to him in their initial meeting about his ability to obtain large quantities of methamphetamine. Gomez testified that he had seen Parra sell drugs in the past and that Parra was excited about the amount of money he would gain from the transaction. Thus, because moving for acquittal at the close of evidence based on entrapment grounds would have failed, Parra has not established that counsel's performance was constitutionally deficient.

### C. Counsel's Alleged Failure to Argue "Sentencing Entrapment"

Parra argues that his sentencing counsel did not provide constitutionally-mandated assistance because counsel allegedly failed to argue for a downward departure based on "sentencing entrapment." "Sentencing entrapment" occurs when "a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994) (citation omitted). In *Staufer*, the Ninth Circuit held that "sentencing entrapment may be legally relied upon to depart under the Sentencing Guidelines." *Id.* at 1108.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8072 AHM<br>CR 03-121 DT√' | Date | April 16, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. PEDRO ALBERTO PARRA JR | | |

    However, the record refutes Parra's contention. Prior to Parra's sentencing, his counsel, Ronald Kaye, submitted a 32-page sentencing position, a supplemental sentencing position, and sixteen letters on Parra's behalf. (Kim Decl. Ex. F.) In the sentencing positions and at the hearing, Kaye argued that a downward departure was appropriate because the government had entrapped Parra, the government had committed misconduct in attempting to cover up the entrapment, and Parra had a clean record and good moral character.

    Although the specific theory of "sentencing entrapment" does not appear in the hearing transcript or Parra's sentencing positions, Parra's counsel presented a claim of entrapment to the court and the transcript from the sentencing hearing demonstrates that the court considered it. Judge Tevrizian was a highly respected, seasoned judge. He undoubtedly was aware of his authority to consider alleged entrapment as a factor that could warrant a departure. Parra has not established that his counsel's efforts relating to a downward departure based on a claim of entrapment were constitutionally deficient.

    **D.    Counsel's Alleged Failure to Communicate a Plea Offer or the Consequences of the Plea**

    Finally, Parra argues that his counsel did not provide constitutionally-mandated assistance by failing to communicate to him a plea offer and explain its consequences. Parra claims that he would not have proceeded to trial if his counsel had advised him that under United States Sentencing Guidelines § 5C1.2[2] ("the safety valve"), he could have

---

    [2] The "safety valve" provision provides, in relevant part, that "in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below: (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category); (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8072 AHM<br>CR 03-121 DT√' | Date | April 16, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. PEDRO ALBERTO PARRA JR |
|---|---|

received a sentence below the mandatory minimum sentence of ten years if he pled guilty.

First, the declaration of Deputy Federal Public Defender Angel Navarro, who represented Parra when the government extended the plea offer, contradicts Parra's allegations. Navarro states that after receiving the plea agreement from the government, he mailed it to Parra, who was being held in custody at the time. (Navarro Decl. ¶ 3.) On February 5, 2003, Navarro met with Parra and discussed Parra's options with respect to the plea agreement. (*Id.* ¶ 4.) Navarro specifically notes that he discussed the "safety valve" provision during that meeting as well as during a prior meeting on January 14, 2003. (*Id.*) Navarro's statements are inconsistent with Parro's claim that his counsel did not communicate a plea offer or advise him of its consequences.

In any event, even if Parra had accepted the government's plea offer, he would not have necessarily received the safety valve. On September 13, 2004, the district court sentenced Parra to 121 months in prison, which was at the low end of the relevant sentencing range of 121 to 151 months and one month more than the mandatory minimum of ten years. Parra now claims that under "the safety valve" provision, he could have received a sentence below the mandatory minimum sentence if he pled guilty. However, Parra's eligibility under the "safety valve" did not hinge on his decision to proceed to trial instead of pleading guilty. A defendant is eligible for the "safety valve" if he meets all the criteria set forth in Section 5C1.2. The sentencing position that Parra's counsel prepared argued that the court should sentence Parra below the mandatory minimum and reduce his sentence two levels because he met the five conditions under Section 5C1.2. (Kim Decl. Ex. A at 10-14.) The court denied the request, finding that Parra had not "truthfully provided to the Government all information and evidence"

---

offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement." U.S.S.G. § 5C1.2(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-8072 AHM<br>CR 03-121 DT√' | | Date | April 16, 2008 |
|---|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. PEDRO ALBERTO PARRA JR | | | |

concerning his offense.  (Trans. 9/13/04: 27.)

      Moreover, the plea agreement that the government offered to Parra did not guarantee that he would receive the safety valve if he pled guilty.  In the plea agreement, the government agreed to stipulate to certain prerequisites of the safety valve (5C1.2(a)(2)-(4)), but not 5C1.2(a)(5) ("truthfully provided to the Government all information and evidence the defendant has concerning the offense . . . ."), the prerequisite that the court cited as absent in rejecting application of the safety valve at the sentencing hearing.  Thus, counsel's alleged failure to communicate the plea offer and advise Parra about the safety valve did not affect Parra's eligibility to receive the safety valve.  Accordingly, assuming his counsel failed to advise Parra of the safety valve, such failure did not prejudice Parra.

## IV.    CONCLUSION

      For the foregoing reasons, the Court DENIES Parra's motion.[3]

IT IS SO ORDERED.

No hearing is necessary.  Fed. R. Civ. P. 78(b); L. R. 7-15.

                                                                                              :

                                        Initials of Preparer              SMO

---

[3] Docket No. 1.